THE STATE, EX REL. ROSE, *v.* RYAN ET AL.

162

*Mr. John E. Palcich*, for relator.

*Mr. Earl W. Allison*, prosecuting attorney, and *Mr. Tom L. Thompson*, for respondents.

*Per Curiam.* The amended petition of the relator filed herein prays that respondents, members of the Board of Elections of Franklin County, be required to provide space on the ballot to be used at the May 7, 1963, primary election, so that voters so desiring may write in the name of relator on the ballot and cast a vote for him. Respondents have demurred to the petition, and this decision is on the demurrer.

Relator alleges in his amended petition that the board of elections has refused to make provision for the space as requested and that he has no plain and adequate remedy at law.

By brief and in oral argument relator relies upon Sections 200 and 201 of the Charter of the City of Columbus as supporting his contention that write-in space shall be provided at the May 7 primary election. It is true that Section 201 provides for space for write-in candidates at elections, and when read with Sections 78 and 200 it appears clear that the charter contemplates that arrangement for general elections. The charter amendment adopted November 5, 1957, makes necessary, however, that consideration also be given to the language of Section 202 (a) and (b). Subsection (a) provides that names "shall be printed upon the primary ballot if there is filed with the election authorities a petition * * *." In the instant case no petitions were filed for the office of attorney for the city of Columbus, the vacancy in that office occurring after ninety days previous to the day of the primary election.

Subsection (b) of Section 202, Columbus Charter, provides for the situations where no petitions have been filed. The essential language is as follows:

"(b) Notwithstanding the provisions of paragraph (a) of this section, if no petition in accordance with the provisions of paragraph (a) of this section is filed for any of the offices to be voted on at the next regular municipal election, * * *, then *no*

*primary election* should be held for the purpose of nominating candidates for such office to be voted upon at such regular municipal election. * * *." (Emphasis added.)

Section 202 provides a deadline or cut-off date for the filing of petitions for nominations and then prescribes procedures if no petitions are filed. This section of the charter is the key to the determination of the validity of the right claimed by relator.

In the case of *State, ex rel. Haffner,* v. *Green et al., Board of Deputy State Supervisors and Inspectors of Elections; Brown, Secy. of State* (1953), 160 Ohio St., 189, a filing problem was presented involving a charter provision of the city of Cleveland. The court held that the time of filing as set by the charter provision prevailed over that set by general law and observed, at page 193, as follows:

"* * * a charter city has full authority to provide for the nomination of their elective officers, * * *."

The provisions of the Charter of the City of Columbus are controlling in the instant case as to the time for filing petitions and as to procedure following that time when no petitions are filed, unless, as counsel for relator contends, Section 202 of the Charter is unconstitutional by reason of Section 7, Article V of the Ohio Constitution.

Chapters of the Revised Code dealing with elections are replete with sections containing restrictions and limitations. For example, see Sections 3505.01 and 3505.23, Revised Code, which deal, in part, with the write-in situation, and Section 3513.02, Revised Code, which Section 202 (b) of the Columbus Charter resembles. In the case of *Mullholand* v. *Batt* (1955), 164 Ohio St., 362, the Supreme Court decided that Sections 3505.04 and 3505.28, Revised Code, were constitutional, and paragraph five of the syllabus suggests the test for constitutionality. In finding the sections constitutional the language is that they "are reasonable and constitutional regulations for the exercise of the elective franchise."

The test then is, as to the charter, is it reasonable. As to constitutional construction, also, 10 Ohio Jurisprudence (2d), 137, Section 36, reads in part, as follows:

"* * * The purpose of the Constitution must not be defeated by a narrow and unreasonable construction. Unreasonable or absurd consequences should, if possible, be avoided. * * *"

We must interpret Section 7, Article V of the Constitution

reasonably and when measuring the constitutionality of subordinate law, which includes the charter of a city, the same test of reasonableness must be applied. Laws establishing deadlines, or cut-off dates, and subsequent procedures are unconstitutional only if unreasonable. The reasonableness of a limitation can sometimes be seen by using an assumption. In the instant case, if it is reasonable and proper to require a board of elections to provide for write-in space in a primary election today, then it must be reasonable and proper to require it done the day before the date of the primary election.

Counsel for relator urges that the law must be construed liberally "in favor of franchise and the democratic process in order to sustain a government of, by and for the people." Such is a worthy emphasis. In order to accomplish that purpose, however, boards of election must have ample time to arrange for and provide the implements and facilities adequate to give opportunity for the electors to exercise that franchise. A cut-off date, or deadline, is necessary to make that provision, and if not unreasonable it is not in conflict with Section 7, Article V of the Ohio Constitution.

There has been no showing that the charter provision, Section 202, is unreasonable. It is, therefore, constitutional. Relator has not established a clear legal right to the performance of a duty required of the respondents.

The demurrer of the respondents to the petition of relator is sustained, and the petition is dismissed.

*Demurrer sustained and petition dismissed.*

DUFFY, P. J., DUFFEY and TROOP, JJ., concur.